UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BERNARD ROBINSON,

        Petitioner,

v.                                         CASE NO. 17-13366
                                          HONORABLE VICTORIA A. ROBERTS

SHANE JACKSON,

        Respondent.
_____/

## ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*, DISMISSING THE PETITION WITHOUT PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter came before the Court on Christopher Bernard Robinson's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a state inmate at the Carson City Correctional Facility in Carson City, Michigan. He alleges that he was wrongfully re-convicted on a charge of assaulting, resisting, or obstructing a police officer and that he is in custody on an expired sentence.

Petitioner failed to exhaust state remedies for these claims, as required by 28 U.S.C. § 2254(b)(1). Accordingly, the Court will dismiss the petition without prejudice.

### I. Background

The petition and exhibits indicate that, in 1989, a state circuit court jury in Washtenaw County, Michigan found Petitioner guilty of first-degree criminal sexual conduct. *See* Pet. for Writ of Habeas Corpus, Ex. 2. On January 25, 1990, the state trial judge sentenced Petitioner to prison for twelve to thirty years. *Id.* On September 4, 1990, Petitioner pleaded guilty in Ionia County, Michigan to assault on a prison

employee, and on October 29, 1990, an Ionia County circuit judge sentenced Petitioner to prison for two to four years, consecutive to his previous sentence. *Id.*, Ex. 3.

On April 20, 2004, the Michigan Parole Board released Petitioner on parole, but on April 20, 2005, Petitioner returned to prison on a charge of violating the conditions of parole by failing to register as a sex offender. According to Petitioner, his two state sentences were then "stacked."

On May 18, 2011, the Parole Board once again released Petitioner on parole. Petitioner remained on parole until April 23, 2013, when state officials charged him with violating the conditions of parole by assaulting, resisting, and obstructing a police officer. Petitioner pleaded guilty to violating the conditions of parole, *see id.*, Ex. 4, and on December 23, 2013, following a bench trial, a Washtenaw County circuit court judge found Petitioner guilty of assaulting, resisting, and obstructing a police officer. *Id.*, Ex. 5. The trial judge sentenced Petitioner to a term of two to four years in prison for the crime. *Id.*

On appeal from his conviction, the Michigan Court of Appeals ruled that Petitioner did not knowingly, voluntarily, and intelligently waive his right to counsel because the trial court failed to properly advise him of the risks of self-representation. Accordingly, the Michigan Court of Appeals vacated Petitioner's conviction and remanded his case to the trial court for further proceedings. *Id.*, Ex. 6.

On remand, the trial court conducted another trial and once again found Petitioner guilty of assaulting, resisting, and obstructing a police officer. On July 12, 2016, the trial court re-sentenced Petitioner to two to four years in prison with no

sentencing credit. On November 14, 2016, however, the trial court issued an amended judgment of sentence that awarded Petitioner 917 days of sentencing credit.

Petitioner filed his habeas corpus petition on October 10, 2017. He claims that the Washtenaw County circuit court's amended judgment of sentence was never processed and that, even though state records indicate that he has three active sentences, he served his sentences. He maintains that his warden holds him in unlawful custody on expired sentences. He seeks release from state custody and a transfer of custody to the United States Marshal.

## II. Discussion

Although Petitioner did not pay the filing fee or apply for leave to proceed without prepayment of the filing fee, the Court grants him permission to proceed *in forma pauperis*. The Court, nevertheless, may not grant the writ of habeas corpus unless Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In addition, the Court must dismiss the petition if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts;[1] *Day v. McDonough*, 547 U.S. 198, 207 (2006).

A preliminary question is whether Petitioner exhausted state remedies for his claims, as required by 28 U.S.C. § 2254(b)(1)(A), (c). The Supreme Court explained this requirement in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), stating that

---

[1] The Court may apply the Rules Governing Section 2254 Cases to a petition which was not filed under § 2254. *See* Rule 1(b).

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

*Id*. at 842.

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. Thus, to properly exhaust state remedies, a habeas petitioner must fairly present the factual and legal basis for each claim in the state court of appeals and in the state supreme court before seeking federal habeas corpus relief. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). The petitioner also bears the burden of showing that he exhausted state court remedies for his claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner claims he was wrongfully re-convicted and re-sentenced for assaulting, resisting, or obstructing a police officer and that he is in custody on an expired sentence. Although exhibits to the petition indicate Petitioner pursued some state administrative remedies regarding the calculation of his sentences, he has not alleged or otherwise shown that he presented his claims to the state trial court, the Michigan Court of Appeals, and the Michigan Supreme Court. He has not carried his burden to show that he exhausted state-court remedies. The Court, therefore, summarily dismisses the petition without prejudice.

The Court declines to say whether a future petition would be barred by the statute of limitations. The Court also declines to issue a certificate of appealability, because reasonable jurists would not debate whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, the Court declines to grant permission to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                      S/Victoria A. Roberts
                                      VICTORIA A. ROBERTS
Dated: April 16, 2018              UNITED STATES DISTRICT JUDGE